### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF
### ILLINOIS EASTERN DIVISION

| | |
|---|---|
| POPICORNS E-COMMERCE CO., LIMITED, | |
| Plaintiff, | Case No. 1: 26-cv-1474 |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," | |
| Defendants. | |

### COMPLAINT

Plaintiff Popicorns E-Commerce Co., Limited ("Plaintiff" or "Popicorns") hereby brings the present action against all Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A (collectively, "Defendants"), attached hereto as Exhibit 2, as follows:

### JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the 28 U.S.C. §§ 1331 (original federal question jurisdiction) and 1338(a)-(b). (exclusive patent claim jurisdiction).

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases identified on **Schedule A** attached hereto as Exhibit 2 (the "Seller Aliases"). Specifically, Defendants have

1

targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell products which infringe Plaintiff's design patent, as described below, (collectively, the "Unauthorized Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

## INTRODUCTION

3.     Plaintiff filed this case to prevent e-commerce store operators who infringe upon Plaintiff's patented design by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the same unauthorized and unlicensed product, namely the dressing tables ("the Infringing Products"), that infringe Plaintiff's United States Patent No. D1,079,336S. Plaintiff has filed this action to combat Defendants' infringement of their patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continue to be irreparably damaged from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing their patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PARTIES

4.     Plaintiff, Popicorns E-Commerce Co., Limited, is a Hong Kong limited company with its principal place of business at Suites 904-5, 9th Floor, Great Eagle Centre, 23 Harbour Road, Wanchai, Hong Kong and is the owner of the Patent asserted in this action.

5.     Plaintiff is the owner of all right, title, and interest in U.S. Patent No. US D1,079,336S (herein after "Plaintiff's Design Patent" or "Asserted Design Patent"). A true and correct copy of Plaintiff's Design Patent is attached hereto as **Exhibit 1**, respectively.

## PLAINTIFF AND ITS ASSERTED PATENT

6.     The Plaintiff is engaged in the design, distribution, marketing, offering for sale, and sale of various furniture and home decor products since 2012 (the "Plaintiff Products").

7.     The Plaintiff Products are distributed and sold to consumers throughout the United States, including in Illinois and in this judicial district.

8.     The Plaintiff's Design Patent is titled "DRESSING TABLE" and issued on June 17, 2025 for U.S. Patent Application No. D1,079,336S, filed on December 19, 2024.  A true and correct copy of Plaintiff's Patent is attached as **Exhibit 1**.

9.     Plaintiff Products are known for their distinctive patented design. This design is broadly recognized by consumers. Products tailored after this design (herein referred to as the "Plaintiff's Design") are associated with the quality and innovation that the public has come to expect from Plaintiff Products.

10.     Plaintiff offers its Products for sale on Plaintiff's website, https://www.homary.com/, where Plaintiff displays its Products, including those embodying the Design Patent. A true and correct copy of Plaintiff's Products is attached here as **Exhibit 3**.

11.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto as Exhibit 2. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the

exact interworking of their infringing network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

12.     The success of the Plaintiff's Products has resulted in significant infringement of Plaintiff's Patent. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms such as Amazon.com, Inc. ("Amazon"), Wayfair Inc. ("Wayfair") and Lowe's Companies, Inc. ("Lowe's"), including the e-commerce stores operating under the Seller Aliases.

13.     On information and belief, the Seller Aliases target consumers in this Judicial District and throughout the United States.

14.     Defendants have targeted sales to Illinois residents by setting up and operating e- commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois.

15.     Defendants concurrently employ and benefit from similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars in multiple ways, including via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish their stores from an authorized retailer. Plaintiff has not licensed or

authorized Defendants use of Plaintiff's Patent, and none of the Defendants are authorized retailers of Plaintiff's Products.

16. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

17. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their infringing operation, and to avoid being shut down.

18. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other common features, such as registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Products for sale by the Seller Aliases bear similar irregularities and indicia of being infringing to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that Defendants are interrelated.

5

19.    E- commerce store operators like Defendants communicate with each other through QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by intellectual property owners. Websites like sellerdefense.cn also tip off e-commerce store operators like Defendants of new intellectual property infringement lawsuits filed by intellectual property owners, such as Plaintiff, and recommend that e-commerce operators cease their infringing activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores.

20.    Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement. E-commerce store operators like Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiff.

21.    Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff have, jointly and severally, knowingly and willfully infringed Plaintiff's Patent in connection with the use and/or manufacturing of Unauthorized Products and distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

22.    Defendants' unauthorized use and/or manufacturing of the invention claimed in Plaintiff's Patent in connection with the distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States,

including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights is irreparably harming Plaintiff.

## COUNT I
## PATENT INFRINGEMENT (35 U.S.C. § 271) – PLAINTIFF'S PATENT

23.     Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1-22 as if fully set forth herein.

24.     As shown, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Design Patent.

25.     Specifically, Defendants have infringed and continue to infringe each and every claim of Plaintiff's Design Patent by making, using, importing, selling, and/or offering to sell their infringing products in the United States without authorization or license from Plaintiff.

26.     Defendants have profited by their infringement of Plaintiff's Design Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

27.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of Plaintiff's Patent in connection with the offering to sell, selling, or importing of products that infringe Plaintiff's Patent, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from

making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

28.     Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

29.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of Plaintiff's Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

30.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

**COUNT II**
**UNFAIR COMPETITION (15 U.S.C. §1125(a))**

31.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

32.     Despite Plaintiff having valid and enforceable Design Patent, which were embodied in Plaintiff's Products, and sold to consumers in what should have been an otherwise exclusive market, Defendants have developed, manufactured, imported, advertised, and/or sold Unauthorized Products that infringe upon Plaintiff's Design Patent. These acts of infringement have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

33.     By selling products which infringe upon Plaintiff's Patent, Defendants are competing for sales with Plaintiff and Plaintiff's Products with products that Defendants are prohibited from selling under U.S. Patent law.

34.     By selling products which infringe upon Plaintiff's Design Patent, Defendants are competing for sales against Plaintiff in an unfair and unlawful manner.

35.     Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of Unauthorized Products creates express and implied misrepresentation that Unauthorized Products were created, authorized, or approved by Plaintiff as owner of the Plaintiff's Design Patent, allowing Defendants to profit from the goodwill, time, research, and development of the invention as embodied in Plaintiff's Patent and in Plaintiff's Products in online marketplaces, while causing Plaintiff irreparable and immeasurable injury.

36.     On information and belief, Defendants have intentionally and blatantly infringed upon Plaintiff's Design Patent by selling Unauthorized Products to take unfair advantage of the enormous time, effort, and expense spent in connection with the Plaintiff's Design Patent and Plaintiff's efforts to cultivate a successful market for the design embodied in Plaintiff's Patent and in Plaintiff's Products in online marketplaces.

37.     On information and belief, Defendants have offered to sell and knowingly sold Unauthorized Products with the understanding that, as foreign entities, any enforcement efforts by Plaintiff would be difficult as many countries, including and especially China, make enforcement efforts of foreign IP difficult and collection of any judgments highly improbable.

38.     On information and belief, to the extent enforcement efforts are made against Defendants, Defendants will merely ignore the efforts if they are permitted to move any assets out of their marketplace accounts and can easily create new accounts for online marketplaces to sell Unauthorized Products – with little recourse available to Plaintiff.

39.     Defendants have engaged in a pattern of unfair competition by operating storefronts in e-commerce marketplaces with the intent to defraud customers and evade legal and financial responsibilities. These actions constitute unfair competition as Defendants mislead consumers, undermine fair market practices, and harm both the integrity of the marketplace and legitimate competitors.

40.     Defendants' acts, as described herein, violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' sale and/or offer of sale of products which infringe Plaintiff's Patent, constitutes unfair competition.

41.     Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury.

42.     Plaintiff has spent substantial time, money, and resources in development of the design embodied in Plaintiff's Design Patent.

43.     Plaintiff also spent substantial time, money, and resources in the development of Plaintiff's Products, including selling Plaintiff's Products directly to consumers and through a distributor.

44.     Defendants traded upon Plaintiff's good will, reputation, research, and development by selling products which infringed upon Plaintiff's Patent.

45.     Defendants, by selling Unauthorized Products, eroded Plaintiff's market share in the furniture retail markets.

46.     Defendants knew or should have known that the Unauthorized Products they were selling infringed upon Plaintiff's Patent and by selling those products they were eroding Plaintiff's market share and trading upon its good will, reputation, research, and development.

47.    Defendants, by offering for sale and selling Unauthorized Products, improved their own good will and market share by trading upon the good will, reputation, research, and development of Plaintiff.

48.    On information and belief, Defendants have sold Unauthorized Products, further eroding Plaintiff's market share and trading upon its good will, reputation, research, and development of Plaintiff.

49.    Plaintiff has never received any relief for the erosion to its market share or any compensation from Defendants for their use of Plaintiff's good will, reputation, research, and development.

50.    Defendants have been unjustly enriched because they have denied Plaintiff access to customers it would have otherwise had by participating in what should have been Plaintiff's exclusive market by selling products directly to consumers, products which infringed Plaintiff's Patent, and competing against Plaintiff's in the furniture retail markets.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)    That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.    Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Design Patent;

b.    Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Design Patent; and

     c.   Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2)     Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, Wayfair, and Lowe's, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's Design Patent.

3)     That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Design Patent.

4)     That Judgment be entered against Defendants finding that infringement of Plaintiff's Design Patent has been willful.

5)     That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

6)     That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of Plaintiff's Design Patent.

7)     A finding that this case is exceptional under 35 U.S.C. § 285.

8)     A finding that Defendants engaged in unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

9)     That Plaintiff be awarded its reasonable attorneys' fees and costs.

10)    Award any and all other relief that this Court deems just and proper.

Dated: February 9, 2026                    Respectfully submitted,

                                           /s/ Di Li
                                           Di Li, Esq.
                                           di@dililaw.com
                                           DI LI LAW, PROFESSIONAL
                                           CORPORATION
                                           18725 Gale Ave., Ste 208
                                           City of Industry, CA 91748
                                           Tel.: (626) 723-4849
                                           Fax.: (626) 956-0744

                                           *Counsel for Plaintiff,*
                                           *Popicorns E-Commerce Co., Limited*